UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>   Plaintiff,<br><br>  v.<br><br>GRHA GROUP, LLC,<br><br>   Defendant. | Case No. 22-cv-01766-VC<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION AND WHY SUBJECT MATTER JURISDICTION EXISTS** |

  1. Federal courts may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4). When a "high-frequency" litigant asserts a California Unruh Act claim in federal court alongside an ADA claim, this will typically constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim. *See Arroyo v. Rosas*, 19 F.4th 1202, 1211–14 (9th Cir. 2021); *Garcia v. Maciel*, 2022 WL 395316, at *2–5 (N.D. Cal. Feb. 9, 2022). The plaintiff is therefore ordered to show cause why this Court should not decline to exercise supplemental jurisdiction over the Unruh Act claim.

  2. With respect to the plaintiff's ADA claim, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Consistent with that independent obligation, the plaintiff is ordered to show cause why this case should not be dismissed for lack of Article III standing. In response, both the plaintiff and plaintiff's counsel must submit separate declarations sworn under penalty of perjury. The plaintiff's declaration must substantiate the jurisdictional allegations as to the plaintiff's intent to return to the

defendant's establishment. Furthermore, in light of the well-pled allegations by the San Francisco and Los Angeles District Attorneys regarding the conduct of the Potter Handy firm and its clients, this declaration must substantiate, in detail, the allegations that the plaintiff visited the establishment in the first place. *See* Complaint, *People of the State of California v. Potter Handy LLP*, No. CGC-22-599079 (Cal. Super. Ct. 2022), 2022 WL 1102496. Counsel's declaration must describe, in detail, the investigation counsel conducted to ensure that their client visited the establishment and intends to return there.

      3. Assuming the Court finds the jurisdictional allegations contained in the declarations to be facially adequate, the defendant shall have the option to conduct jurisdictional discovery. If the defendant opts for jurisdictional discovery, they will be permitted to take discovery on the plaintiff's intent to return and whether the plaintiff did, in fact, personally visit the defendant's establishment in the first place. Regardless of whether jurisdictional discovery takes place, the Court will likely schedule an in-person evidentiary hearing to test the veracity of the jurisdictional allegations submitted in response to this order to show cause.

      The plaintiff and counsel must respond within 21 days of this order. Failure to respond will result in a dismissal of this action with prejudice. In the meantime, all other deadlines are vacated in this case and the parties are temporarily relieved from the requirements of General Order 56.

      **IT IS SO ORDERED.**

Dated: April 19, 2022

                                                  VINCE CHHABRIA
                                                  United States District Judge